IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| MANUEL GONZALEZ, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL NO. B-07-143 |
| | § | (CRIMINAL NO. B-05-779) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is a Motion to Vacate or Set Aside Sentence (Docket No. 1) filed by Petitioner, Manuel Gonzalez ("Petitioner") pursuant to 28 U.S.C. § 2255, and a Motion to Dismiss (Docket No. 10) filed by the Government.  For the reasons stated below, it is the opinion of this court that the Government's motion be granted and the case dismissed.

### I.  Procedural Background

Petitioner was charged with a violation of 8 U.S.C. § 1326 (a) and (b) for illegal re-entry of a previously deported alien after a conviction for an aggravated felony offense.  Petitioner had previously been convicted on July 11, 1997 of the aggravated felony of conspiracy to transport illegal aliens and was deported on June 19, 2000.  On October 6, 2005, Petitioner pleaded guilty before a United States Magistrate Judge.  There was no plea agreement.  On January 10, 2006, this Court adopted the report and recommendation of the Magistrate Judge, found the petitioner guilty, and imposed the judgment.  On January 23, 2006, this Court signed the judgment documenting the previously imposed sentence of 60 months imprisonment, three years supervised release and $100 special assessment.  Petitioner appealed, and the Fifth Circuit affirmed the conviction and sentence, issuing the mandate on October 2, 2006.  Petitioner filed the instant motion, pursuant to 28 U.S.C. § 2255 on September 14, 2007.  Petitioner now alleges: (1) the sentence imposed is in violation of

the Constitution and laws of the United States; (2) the sentencing court was without jurisdiction to impose such a harsh sentence; (3) the sentence imposed exceeds the maximum authorized under immigration law; and (4) that he received ineffective assistance of counsel because counsel failed to review the presentence investigation report, challenge the application of the Sentencing Guidelines, or investigate whether Petitioner's prior offense justified the 16-level enhancement.

## II. Legal Analysis

Relief under 28 U.S.C. § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Where a sentence of imprisonment has been imposed, the court's authority to reduce or modify it is limited. *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994). In order to prevail on his motion to vacate sentence, Petitioner must establish one of the following: (1) his sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *see United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

### A. Sentencing Error

Allegations (1)-(3) hinge on whether the Court's application of the 16-level enhancement constitutes a sentencing error and will be addressed together. After a defendant has been convicted and has exhausted or waived any right to appeal, "a court is entitled to presume that [he] stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Petitioner essentially argues that a sentencing error occurred because his prior conviction for alien smuggling was not "for profit" and, therefore, does not meet the requirement of a 16-level enhancement.

Petitioner's claim fails because it is both legally insufficient and procedurally barred.

Petition argues that his alien smuggling conviction should not serve to enhance his sentence because he did not commit the offense for profit. Under the 2002 Guidelines, the § 2L1.2(b)(1)(A)(vii) enhancement applied "[i]f the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . an alien smuggling offense committed for profit." U.S.S.G. § 2L1.2(b)(1)(A)(vii) (2002). However, in 2003, the Guidelines deleted the "committed for profit" language. The 2003 Guidelines also defined "alien smuggling offense" to be consistent with the definition of "aggravated felony" found in 8 U.S.C. § 1101(a)(43). U.S.S.G. § 2L1.2 cmt. n.1(B)(I) (2003). The 2005 Guidelines under which Petitioner was sentenced likewise omit the "committed for profit language." U.S.S.G. § 2L1.2(b)(1)(A)(vii) (2005). Even though Petitioner may not have committed alien smuggling for profit, pursuant to the Guidelines under which he was sentenced, such a requirement was not necessary to enhance his current sentence. Petitioner's argument is legally insufficient because Petitioner's prior alien smuggling offense, even if not committed for profit, suffices to warrant a 16-level enhancement under the 2005 Guidelines.

In addition, Petitioner's sentencing error argument is procedurally barred. A defendant who shows no cause for failing to raise a sentencing issue on direct appeal is procedurally barred from consideration in an 18 U.S.C. § 2255 proceeding. *See Kinder v. Purdy*, 222 F.3d 209, 211 (5th Cir. 2000), *cert. denied*, 531 U.S. 1132 (2001). In order for Petitioner to overcome the procedural bar, he would have to demonstrate either: (1) cause and prejudice, or (2) he is actually innocent of the crime for which he was convicted. *See United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1988). Petitioner does not set forth any "cause" for his failure to raise the alleged sentencing error on direct appeal. Petitioner also fails to argue or set forth any facts to prove actual innocence. In this case,

since Petitioner has failed to demonstrate either of the requirements set forth in *Sorrells*, his sentencing argument is procedurally barred.

### B.  Ineffective Assistance of Counsel

Ineffective assistance of counsel claims may be brought in a collateral proceeding under § 2255, whether or not Petitioner could have raised the claim on direct appeal. *Massarco v. United States*, 538 U.S. 500, 504 (2003).  A claim of ineffective assistance of counsel is properly made for the first time in a motion to vacate because it raises an issue of constitutional magnitude and, as a general rule, cannot be resolved on direct appeal. *United States v. Bass*, 310 F.3d 321, 325 (5th Cir. 2002).  If Petitioner establishes ineffective assistance of counsel, this satisfies the cause and prejudice requirement. *United States v. Patten*, 40 F.3d 774, 776 (5th Cir.1994).

Ineffective assistance of counsel claims are generally reviewed under the well established *Strickland* standard, as set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To establish that counsel's assistance was constitutionally ineffective, Petitioner must show: (1) his counsel's performance was deficient, and (2) this deficient performance prejudiced his defense. *Id*.  An attorney's performance, which enjoys a strong presumption of adequacy, is deficient if it is objectively unreasonable. *Clark v. Collins*, 19 F.3d 959, 964 (5th Cir. 1994).  With respect to prejudice in the context of noncapital sentencing, the habeas court must determine whether there is a probability that, but for counsel's deficience, the defendant's sentence would have been significantly less harsh. *Spriggs v. Collins*, 993 F.2d 85, 87 (5th Cir. 1993).

Petitioner essentially argues that his counsel's performance was deficient because his attorney failed to review the presentence investigation report and failed to challenge the application of the Sentencing Guidelines.  At the sentencing hearing, Petitioner was asked, "Mr. Gonzales, did you have the opportunity to go over the presentence investigation report with [your counsel]?"

Petitioner responded, "Yes."  Petitioner's response affirmatively demonstrates that both he and counsel reviewed the presentence investigation report.

Petitioner's counsel also challenged the application of the Sentencing Guidelines.  At the sentencing hearing, when the government recommended a sentence in the middle of the Guideline range, counsel for Petitioner argued for the "lowest possible sentence in this case."  Counsel argued in favor of the lower sentence by arguing that "the conviction [that] was being used as an enhancement . . . reflect[ed] a one hundred day sentence" for "conspiracy."  Petitioner does not suggest any other possible arguments that counsel could have made.  Petitioner has, therefore, failed to meet his burden to demonstrate that his counsel's performance was deficient.

Even assuming arguendo that counsel's performance was deficient, Petitioner fails to demonstrate that deficient performance prejudiced his defense.  Petitioner contends that counsel failed to review the presentence investigation report and to investigate whether Petitioner's prior offense justified the 16-level enhancement.  As previously discussed, the 16-level enhancement was justified under the 2005 Sentencing Guidelines.  Thus, even if this alleged failure constituted deficient performance, it did not prejudice Petitioner's defense because Petitioner's sentence was within the 2005 Guidelines.

### III.  Evidentiary Hearing

In the instant case, the record is clearly adequate to dispose fairly of Petitioner's allegations.  As such, an evidentiary hearing is unnecessary.  *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).  If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.  Rule 8(a), 28 U.S.C. foll. § 2255.

## IV. Conclusion

A thorough review of all files, records, and correspondence relating to the judgment being challenged conclusively shows that Petitioner is not entitled to the relief sought. Therefore an order for summary dismissal with prejudice pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings is appropriate. Rule 4(b), 28 U.S.C. foll. § 2255; *Unites States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983).

Manuel Gonzalez's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is hereby **DENIED**. The United States' motion to dismiss and motion for summary judgement are **GRANTED**. The § 2255 motion is summarily **DISMISSED** with prejudice.

Signed this 17th day of June, 2008.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE